JOHN W. HUBER
United States Attorney
JOHN K. MANGUM
Assistant United States Attorney
Chief, Civil Division
111 S. Main St., #1800
Salt Lake City, UT 84111
Telephone: (801) 325-3216

JOSEPH H. HUNT
Assistant Attorney General

R. MICHAEL UNDERHILL
Attorney in Charge
ERIC KAUFMAN-COHEN
Assistant Attorney in Charge
FRANK J. ANDERS
Trial Attorney, West Coast Office
Aviation, Space & Admiralty Litigation
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 36028
450 Golden Gate Avenue, Room 7-5395
San Francisco, California 94102-3463
Telephone: (415) 436-6630/Facsimile: (415) 436-6632
E-mail: mike.underhill@usdoj.gov/eric.kaufman-cohen@usdoj.gov
franklin.j.anders@usdoj.gov

Attorneys for Limitation Plaintiff United States of America

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, SOUTHERN REGION OF THE CENTRAL DIVISION

| | |
|---|---|
| In Re: the Complaint and Petition of the United States of America in a Cause for Exoneration from or Limitation of Liability with Respect to National Park Service and Public Vessels Buoy Tender No. 450, No. 257, No. 2510, No. 256, No. 2511, and No. 290 Re: the Grounding of a 21' Speedboat in or near Bullfrog Bay on Lake Powell, Utah, on July 24, 2016. | Case No.: 4:18-cv-00065-DN<br><br>In Admiralty<br><br>**COMPLAINT OF THE UNITED STATES IN A CAUSE FOR EXONERATION FROM OR LIMITATION OF LIABILITY** |

The Verified Complaint of the United States of America, as owner of the public vessel NPS Buoy Tender No. 450 (hereafter "NPS Buoy Tender Vessel No. 450"), NPS public vessel No. 2510 (hereafter "NPS Vessel No. 257"), NPS public vessel No. 2510 (hereafter "NPS Vessel No. 2510"), NPS public vessel No. 256 (hereafter "NPS Vessel No. 256"), NPS public vessel No. 2511 (hereafter "NPS Vessel No. 2511"), and NPS public vessel No. 290 (hereafter "NPS Vessel

No. 290"), all said vessels hereafter collectively referred to as the "NPS Vessels", in an action for exoneration from or limitation of liability, civil and maritime, alleges, on information and belief, as follows:

1.        This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and the complaint herein sets forth an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and Maritime Claims.

2.        Limitation Plaintiff is the United States of America, a sovereign nation, which was at all material times the owner and operator of the NPS Vessels, and may bring this action pursuant to the original jurisdiction conferred upon this Court by 28 U.S.C. § 1345.

3.        At all times material to this action, the NPS Vessels were vessels that performed various kinds of sovereign work on behalf of the United States of America in navigable waters that included the Bullfrog Bay and Halls Crossing areas of Lake Powell, Utah.  Each of said vessels were and remain public vessels of the United States of America within the meaning of the Public Vessels Act, 46 U.S.C. §§ 31101 *et seq*., and at all relevant times were owned by the United States of America by and through the Department of the Interior, National Park Service.

4.        At all times material to this action, the NPS Vessels were and are within the jurisdiction of the United States of America, and within this District and the jurisdiction of this Court.

5.        At all times material to this action, the NPS Vessels were in all respects seaworthy and fit for the service in which they were engaged.

6.        At relevant times, the NPS Vessels performed various sovereign functions of the United States of America on Lake Powell, including at various times in the area near the Bullfrog Bay and Halls Crossing areas of Lake Powell and within the State of Utah.

7.        On July 24, 2016, Jeffrey Darland (hereinafter, "Darland") operated, navigated, managed, and controlled a 21-ft. outboard powered speedboat (hereinafter, the "Speedboat") in navigable waters on Lake Powell within the State of Utah.  Darland was on the Speedboat along with four passengers (hereinafter collectively "Speedboat Passengers"): Darland's two minor

children (D.D. and G.D., for whom Tara Gagliardi claims to be their natural mother), Jennifer Decker, and Jennifer Decker's minor child.

8.    On July 24, 2016, while under the influence of alcohol, Darland navigated, operated, managed and controlled the Speedboat on Lake Powell in the vicinity of Bullfrog Bay, within the State of Utah, at least 45 minutes after sunset, traveling in excess of 30 miles per hour. Darland maneuvered the Speedboat outside the properly marked navigation channel, which caused the Speedboat to hit an underwater obstruction ("hereinafter, the "Grounding").

9.    On July 24, 2016, on information and belief, Darland permitted three minors, all under the age of 10, to ride untethered and unbelted on the open bow of the Speedboat while the Speedboat was travelling in excess of 30 miles per hour.

10.    On July 24, 2016, as a result of, *inter alia*, Darland's negligent navigation, operation, management, and control of the Speedboat, minors D.D. and G.D. were ejected at high speed from the bow of the Speedboat and into the water when it hit the underwater obstruction, after which the Speedboat, its hull, and its propeller, all while operated by Darland, rode over the minors, allegedly causing injuries.

11.    The Grounding and all injuries and alleged damages resulting therefrom were  the proximate result of Darland's fault, negligence, acts, omissions, and breaches of, *inter alia*, duty, statute and regulation with respect to the navigation, control, management, and operation of the Speedboat, including, but not limited to, through his inattentiveness, excessive speed, reckless navigation of the Speedboat, improper operation of the Speedboat, improper command of those aboard the Speedboat, improper turning of the Speedboat, maneuvering the Speedboat outside of the marked channel, operation of the Speedboat while under the influence of alcohol, and the reckless endangerment of the Speedboat and its Passengers.  Among other acts, omissions, and breaches of duty by Darland to others, including, *inter alia*, Tara Gagliardi and the Speedboat Passengers, Darland was, *inter alia*, negligent in the following respects:

    a.    At all relevant times, Darland inattentively and negligently operated his vessel with respect to the maneuvering of the Speedboat, including but not limited to,

FOR EXONERATION FROM OR LIMITATION
OF LIABILITY                                    3                    Case No.: 4:18-cv-00065-DN

maneuvering the Speedboat into unsafe shallow water outside of the marked channel;

b.    At all relevant times, Darland placed the Speedboat and its passengers in a position of danger, outside the marked channel, while at night, and Darland thereafter negligently failed to take action to navigate, control, manage, and operate his vessel to avoid the danger of the Speedboat hitting obstructions, as required;

c.    At all relevant times, Darland navigated, operated, and controlled the Speedboat at an unsafe speed in violation of applicable statutes and regulations, *inter alia*, 33 C.F.R. § 83.05 and Utah Code Ann. § 73-18-15.1(8);

d.    At all relevant times, Darland failed to maintain a proper lookout in violation of applicable statutes and regulations, *inter alia*, 33 C.F.R. § 83.05 and Utah Code Ann. § 73.18-15.1(1);

e.    At all relevant times, Darland recklessly operated the Speedboat in violation of applicable statutes and regulations, including, *inter alia*, Utah Code Ann. § 41-6a-528;

a.    Following the Grounding, Darland backed up the Speedboat using the propellers, not knowing the location of the minor children other than that they were in the water;

b.    At all relevant times, Darland navigated, operated, and controlled the Speedboat while under the influence of alcohol in violation of applicable law and statute including, *inter alia*, Utah Code Ann. § 73-18-15.5.

12.    To the United States of America's knowledge, there have been three lawsuits filed against the United States of America arising from the above described Grounding: *Tara Gagliardi v. United States of America*, District of Utah, Case No. 2:18-cv-00588-DN (demanding $23,439,000.00), *Jeffrey Darland v. United States of America*, District of Arizona, Case No. 2:18-cv-02313-JAT (demanding $16,064,000.00), and *D.D., a minor, and G.D., a minor, by and through their Guardian ad Litem, Paul Theut v. United States of America*, District of Arizona,

IN RE COMPLAINT OF THE USA IN A CAUSE
FOR EXONERATION FROM OR LIMITATION
OF LIABILITY                    4                    Case No.: 4:18-cv-00065-DN

case no. 2:18-cv-02452-JZB (demanding $59,500,000.00). The Complaints in all three of these aforementioned actions make the following claims against the United States of America, all of which relate directly to the United States of America's use and operation of the NPS Vessels:

    a.    Allege the United States of America, maintains and/or, operates and/or, controls and/or, monitors and/or, patrols and/or, oversees and/or regulates and/or administers the waters and marinas of Lake Powell and the Glen Canyon National Recreation Area, including the Aids to Navigation (ATONS) in Lake Powell;

    b.    Allege the United States of America placed and maintained ATONS in the Bullfrog Bay and Halls Crossing areas of Lake Powell in the State of Utah;

    c.    Allege the United States of America was required to provide necessary ATONS on Lake Powell;

    d.    Allege the United States of America was required to, and did, operationally perform waterways assessments, install, maintain and use ATONS in Lake Powell and patrolled the river and used other means of data collection to identify navigational hazards that needed to be marked for the safety persons and vessels operating on Lake Powell;

    e.    Allege the United States of America patrolled Lake Powell and Bullfrog Bay and the waters at the intersection of the main channel of the Colorado River and Bullfrog Bay and marked the area with ATONS that were reasonably relied upon by the general public, including Jeff Darland, the person operated the Vessel at the time of the Grounding, for safe boating;

    f.    Allege the United States of America negligently failed to properly maintain ATONS on Lake Powell, Utah;

    g.    Allege the United States of America negligently placed ATONS in Bullfrog Bay, Utah and that this in turn caused the Grounding;

h.   Allege the United States of America negligently failed to use reasonable care when patrolling Lake Powell to identify the alleged navigational hazard where the Grounding occurred;

i.   Allege the United States of America negligently failed to use reasonable care to post navigational hazard markers at the location of the Grounding;

j.   Allege the United States of America negligently failed to use reasonable care to place and maintain a hazard marker or other ATON that would have guided Jeff Darland away from the location of the Grounding;

k.   Allege the United States of America negligently failed to use reasonable care when conducting waterways assessments in the Bullfrog Bay area of Lake Powell, Utah;

l.   Allege the United States of America negligently failed to use reasonable care to establish and maintain ATONS advising of a navigational hazard at the location of the Grounding even though the United States of America allegedly had notice of prior groundings or near misses at the location of the Grounding;

m.   Allege the United States of America negligently failed to mark navigational hazards within a marked channel;

n.   Allege the United States of America negligently failed to place ATONS in a pattern consistent with applicable Federal regulations;

o.   Allege the United States of America negligently failed to use reasonable care to inspect ATONS in place in the Bullfrog Bay area of Lake Powell, Utah to ensure they were properly placed; and

p.   Allege the United States of America negligently failed to use reasonable care to place and maintain ATONS in a manner that created a safe channel for boaters at the intersection of the main river channel and Bullfrog Bay and Bullfrog Bay as a whole based upon the lake level at the time of the Accident.

13.   The foregoing allegations, including those relating to ATONS, pertain to sovereign and discretionary functions performed by the NPS Vessels, including at various times

the placement of ATONS in the area of the grounding by NPS Buoy Tender Vessel No. 450, and/or inspection thereof and/or patrolling of the relevant navigable waters in the State of Utah vis-à-vis ATONS and marked navigation channels by NPS Buoy Tender Vessel No. 450, NPS Vessel No. 257, NPS Vessel No. 2510, NPS Vessel No. 256, NPS Vessel No. 2511, and NPS Vessel No. 290.

14.    To the United States of America's knowledge, there have been three lawsuits filed against Defendant Aramark Sports and Entertainment Services LLC and Defendant All In Boat Rentals arising from the above described Grounding: *Tara Gagliardi v. Aramark Corporation, Aramark Sports and Entertainment Services LLC, and All In Boat Rentals, Inc., et al.,* District of Arizona, case no. 2:18-cv-02606-HRH; *Jeffrey Darland v. Aramark Corporation, Aramark Sports and Entertainment Services LLC, and All In Boat Rentals, Inc.,* District of Arizona, case no. 2:18-cv-02607-JJT; and *D.D., a minor, and G.D., a minor, by and through their Guardian ad Litem, Paul Theut v. Aramark Corporation, Aramark Sports and Entertainment Services LLC, and All In Boat Rentals, Inc.,* District of Arizona, case no. 2:18-cv-02593-DLR.

15.    To the United States of America's knowledge, there have been three lawsuits filed against the State of Utah and Kane County, Utah, arising from the above described Grounding: *Tara Gagliardi v. State of Utah and Kane County,* Third Judicial District Court in and for Salt Lake County, State of Utah, case no. 180905281; *Jeffrey Darland v. State of Utah and Kane County,* Third Judicial District Court in and for Salt Lake County, State of Utah, case no. 180905265; and *D.D., a minor, and G.D., a minor, by and through their Guardian ad Litem, Paul Theut v. State of Utah and Kane County,* Third Judicial District Court in and for Salt Lake County, State of Utah, case no. 180905228.

16.    The aforesaid injuries alleged in any of the foregoing lawsuits, and any and all alleged damages and/or losses resulting or otherwise arising from the Grounding on July 24, 2016, were the direct, proximate, and foreseeable result of the acts, omissions, fault, and negligence of Jeffrey Darland.

17.    The aforesaid injuries alleged in any of the foregoing lawsuits, and any and all alleged damages and/or losses resulting or otherwise arising from the Grounding on July 24, 2016,

were not caused or contributed to in any manner by any fault, negligence, unseaworthiness, or other wrongful act on the part of the NPS Vessels or their respective crew, or by the United States of America, its vessels, crews, agencies, officers, agents, servants, employees, or anyone for whom the United States of America was or may be responsible.

18.   The aforesaid injuries alleged in any of the foregoing lawsuits, and any and all alleged damages and/or losses resulting or otherwise arising from the Grounding on July 24, 2016, and any and all alleged injuries, damages, and/or losses resulting or otherwise arising therefrom, were occasioned or incurred without the privity or knowledge of the United States of America, or anyone whose privity or knowledge is imputable to the United States of America.

19.   The value of public vessel NPS Buoy Tender Vessel No. 450 at the time of the Grounding on July 24, 2016, was at or below $119,000.00 (purchase price in 1997) and, as a public vessel, no freight was then pending.  The exact value of the vessel following the Grounding is not presently ascertainable with complete accuracy, and the United States of America thus reserves the right to amend this complaint, as necessary, to state the value of its interests more exactly and herewith also prays for a due appraisement of the value of the vessel as aforesaid upon reasonable notice to all claimants who may hereafter file claims in these proceedings, and with adequate opportunity for the said claimants and for Limitation Plaintiff United States of America to present evidence and to be heard.

20.   The value of public vessel NPS Vessel No. 257 at the time of the Grounding on July 24, 2016, was at or below $80,901.04 (purchase price in 2001) and, as a public vessel, no freight was then pending.  The exact value of the vessel following the Grounding is not presently ascertainable with complete accuracy, and the United States of America thus reserves the right to amend this complaint, as necessary, to state the value of its interests more exactly and herewith also prays for a due appraisement of the value of the vessel as aforesaid upon reasonable notice to all claimants who may hereafter file claims in these proceedings, and with adequate opportunity for the said claimants and for Limitation Plaintiff United States of America to present evidence and to be heard.

21.     The value of public vessel NPS Vessel No. 2510 at the time of the Grounding on July 24, 2016, was at or below $190,315.00 (purchase price in 2013) and, as a public vessel, no freight was then pending.  The exact value of the vessel following the Grounding is not presently ascertainable with complete accuracy, and the United States of America thus reserves the right to amend this complaint, as necessary, to state the value of its interests more exactly and herewith also prays for a due appraisement of the value of the vessel as aforesaid upon reasonable notice to all claimants who may hereafter file claims in these proceedings, and with adequate opportunity for the said claimants and for Limitation Plaintiff United States of America to present evidence and to be heard.

22.     The value of public vessel NPS Vessel No. 256 at the time of the Grounding on July 24, 2016, was at or below $80,325.04 (purchase price in 2005) and, as a public vessel, no freight was then pending.  The exact value of the vessel following the Grounding is not presently ascertainable with complete accuracy, and the United States of America thus reserves the right to amend this complaint, as necessary, to state the value of its interests more exactly and herewith also prays for a due appraisement of the value of the vessel as aforesaid upon reasonable notice to all claimants who may hereafter file claims in these proceedings, and with adequate opportunity for the said claimants and for Limitation Plaintiff United States of America to present evidence and to be heard.

23.     The value of public vessel NPS Vessel No. 2511 at the time of the Grounding on July 24, 2016, was at or below $190,315.00 (purchase price in 2013) and, as a public vessel, no freight was then pending.  The exact value of the vessel following the Grounding is not presently ascertainable with complete accuracy, and the United States of America thus reserves the right to amend this complaint, as necessary, to state the value of its interests more exactly and herewith also prays for a due appraisement of the value of the vessel as aforesaid upon reasonable notice to all claimants who may hereafter file claims in these proceedings, and with adequate opportunity for the said claimants and for Limitation Plaintiff United States of America to present evidence and to be heard.

24.     The value of and NPS Vessel No. 290 at the time of the Grounding on July 24, 2016, was at or below $142,668.00 (purchase price in 2001) and, as a public vessel, no freight was then pending.  The exact value of the vessel following the Grounding is not presently ascertainable with complete accuracy, and the United States of America thus reserves the right to amend this complaint, as necessary, to state the value of its interests more exactly and herewith also prays for a due appraisement of the value of the vessel as aforesaid upon reasonable notice to all claimants who may hereafter file claims in these proceedings, and with adequate opportunity for the said claimants and for Limitation Plaintiff United States of America to present evidence and to be heard.

25.     As public vessels of the United States of America there are no liens upon any of the NPS Vessels.

26.     The total amount of the potential claims which have been asserted against the United States of America in the foregoing actions are expected to exceed the value of the NPS Vessels, any and all alleged liability and damages with respect to such claims being expressly denied herein.

27.     Limitation Plaintiff, United States of America, as owner of the NPS Vessels, hereby claims exemption and exoneration from liability for any and all alleged injuries, damages and/or losses of any kind occasioned or incurred by or resulting from the Grounding on July 24, 2016 hereinabove described or otherwise arising therefrom and from any and all suits or claims which have been or may hereafter be made against it, and the United States of America alleges it has valid defenses thereto in both fact and law.

28.     Limitation Plaintiff, United States of America, further claims the benefits of limitation of liability provided by the Limitation of Liability Act, 46 U.S.C. §§ 30505, *et seq.* (formerly 46 U.S.C. §§ 183-189, inclusive), and the Public Vessels Act, 46 U.S.C. § 31106, and to that end the United States of America is willing to proceed according to law pursuant to the Federal Rules of Civil Procedure, as made applicable to admiralty and maritime cases.

29.     By reason of 28 U.S.C. § 2408, Limitation Plaintiff, United States of America, is not required to give security for damages or costs herein, but is thereby exempted from furnishing

bonds or stipulations for value or any other security in these proceedings, as otherwise provided by the aforesaid provisions of 46 U.S.C. §§ 30505 *et seq*., and the Federal Rules of Civil Procedure as made applicable to admiralty and maritime cases.

30.     This complaint is filed within six (6) months of the United States of America having received written notices of claims asserted against the United States of America.

WHEREFORE, Limitation Plaintiff, United States of America, prays as follows:

1.     That this Court cause due appraisement of the amount or value of the NPS Vessels at the time following the Grounding on July 24, 2016, described herein.

2.     That this Court enter an order directing the issuance of a monition against all persons, concerns, firms or other entities claiming losses, damages and/or injuries occasioned or incurred by or in any way resulting from the aforesaid Grounding on July 24, 2016, or in any way consequent thereupon or otherwise arising therefrom, or otherwise asserting any claim with respect to which Limitation Plaintiff United States of America seeks exoneration from or limitation of liability herein, admonishing them to appear and file their respective claims with the Clerk of this Court and to serve on or mail copies thereof to the attorneys for the United States of America named herein, on or before the date specified in said monition, and to make due proof of their respective claims, and further to file their respective answers, if any, to the allegations of this complaint on or before the date to be specified in said monition, all as provided by law and by the Federal Rules of Civil Procedure, as made applicable to admiralty and maritime cases

3.     That notice of said monition, in the form and manner prescribed by Supplemental Rule F of the Federal Rules of Civil Procedure, as made applicable to admiralty and maritime cases, be published in such newspaper or newspapers as this Court may direct, or as may otherwise be specified by Rule of this Court, for legal publication once a week for at least four consecutive weeks prior to the date specified in the said monition for the filing of claims herein.

4.     That this Court issue its injunction restraining the further prosecution of any and all suits, actions or proceedings which may already have been commenced against the United States of America in any court whatsoever to recover damages or seek other relief for any and all losses, damages and/or injuries occasioned or incurred by or in any way resulting from the

aforesaid Grounding or in any way consequent thereupon or otherwise arising therefrom, and restraining the commencement or prosecution thereafter of any suit, action or proceeding of any nature or description except in the present proceeding, as against the United States of America, its officers, crew, agents, agencies, servants, employees, or others for whom it was or is responsible, in respect of any claim or claims arising out of the aforesaid casualty, or in any way resulting therefrom or consequent thereupon, or otherwise arising therefrom or which is otherwise subject to limitation in this proceeding.

5.      That this Court in this proceeding will adjudge that Limitation Plaintiff, United States of America, is not liable to any extent or in any manner whatsoever for any deaths or alleged injuries, damages, and/or losses, or for any claim or claims arising out of or resulting from or consequent upon the aforesaid Grounding on July 24, 2016, or otherwise arising therefrom, or if the United States of America shall be adjudged liable in any such respect, then that its liability be limited to the amount or value of its interests in the NPS Vessels at the time immediately following the Grounding, and that any monies decreed to be paid be divided *pro rata* among such claimants as may duly prove their claims in such manner as may be determined by this Court, saving to all parties any priorities to which they may be legally entitled, and that a decree may thereupon be entered discharging the United States of America from all and further liability; and

6.      That Limitation Plaintiff, United States of America, may have such other and further relief as may seem just and proper to this Honorable Court.

Dated: September 26, 2018                  Respectfully submitted,

                                           JOHN W. HUBER
                                           United States Attorney
                                           JOHN K. MANGUM
                                           Assistant Attorney, Chief, Civil Division

                                           JOSEPH H. HUNT
                                           Assistant Attorney General

                                           R. MICHAEL UNDERHILL
                                           Attorney in Charge
                                           Aviation, Space & Admiralty Litigation
                                           Torts Branch, Civil Division, West Coast Office
                                           U.S. Department of Justice

ERIC KAUFMAN-COHEN
Assistant Attorney in Charge
Aviation, Space & Admiralty Litigation
Torts Branch, Civil Division, West Coast Office
U.S. Department of Justice


  /s/ Frank J. Anders
FRANK J. ANDERS
Trial Attorney
Aviation, Space & Admiralty Litigation
Torts Branch, Civil Division, West Coast Office
U.S. Department of Justice

Attorneys for Limitation Plaintiff
United States of America

<u>VERIFICATION</u>

I, Frank J. Anders, say:

I am a Trial Attorney of the West Coast and Pacific Rim Office, Torts Branch, Civil Division, U.S. Department of Justice, and am one of the attorneys for Limitation Plaintiff United States of America herein, and make this verification by authority for and on its behalf.  I have read the foregoing Complaint for Exoneration from or Limitation of Liability, know the contents thereof and from information officially furnished to me believe the same to be true.

I verify under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: September 26, 2018            _____/s/ Frank J. Anders_____
                                                     FRANK J. ANDERS