IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In Re: The Complaint and Petition of the United States of America in a Cause for Exoneration from or Limitation of Liability with Respect to National Party Service and Public Vessels Buoy Tender No. 450, No. 257, No. 2510, No. 256, No. 2511, and No. 290 Re: the Grounding of a 21' Speedboat in or near Bullfrog Bay on Lake Powell, Utah on July 24, 2016. | **MEMORANDUM DECISION AND ORDER DENYING CLAIMANTS' MOTIONS TO DISMISS**<br><br>Case No. 4:18-cv-00065-DN-DBP<br><br>District Judge David Nuffer |

Claimants Jeffrey Darland ("Darland"), Tara Gagliardi ("Gagliardi"), and Paul Theut, Guardian ad Litem for minors D.D. and G.D. ("Theut") (collectively, "Claimants"), pursuant to Fed. R. Civ. P. 12(b)(6), each moved to dismiss (for failure to state a claim upon which relief can be granted) this action brought under the Limitation of Liability Act ("Limitation Act")[1] by the United States of America ("United States").[2] The United States filed a response[3] and the

---

[1] 46 U.S.C. § 30501 *et seq*.

[2] Notice of Motion to Dismiss Complaint for Exoneration From or Limitation of Liability Pursuant to Supplemental Rule F Under FRCP Rules 12(b) or in the Alternative, Rule 12(c), and Points Authorities In Support, docket no. Motions to Dismiss, docket no. 43, filed Nov. 14, 2018; Claimant Tara Gagliardi's Motion to Dismiss the United States' Complaint and Petition for Exoneration from or Limitation of Liability, docket no. 46, filed Nov. 16, 2018; and Motion to Dismiss the United States' Complaint and Petition and to Lift Stay, docket no. 50, filed Nov. 16, 2018 (collectively, "Claimants' Motions to Dismiss").

[3] United States of America's Response to Motions to Dismiss by Claimants Darland, Gagliardi, and Theut, docket no. 60, filed Dec. 12, 2018.

Claimants replied.[4] A hearing was held on February 22, 2019, and after oral argument, Claimants' Motions to Dismiss were taken under advisement.

Before the question of the United States' entitlement to exoneration or limitation of liability can be resolved, factual development regarding the issue of fault is necessary. If undisputed facts develop a record that eliminates any claim for negligence of the crew, unfitness of the vessel, or other liability of the United States as a vessel owner, then the Limitation Act action may fail. But at this stage in the proceedings, the United States has alleged "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[5] Therefore, Claimants' Motions to Dismiss[6] are denied.

**Contents**
Background ........................................................................................................................ 2
Standard of Review ........................................................................................................... 5
Discussion .......................................................................................................................... 6
Order… ..........................................................................................................................….9

## BACKGROUND

This litigation arises from a boating accident involving the grounding of a speedboat on Lake Powell on July 24, 2016 ("Grounding"). Lake Powell is a navigable water of the United States that is located in the Glen Canyon National Recreation Area ("GCNRA"). GCNRA is operated and managed by the United States National Park Service ("NPS"). The speedboat was

---

[4] Defendant Jeffery Darland's Reply to the United States' Response to Jeffrey Darland's Motion to Dismiss the United States' Complaint and Petition for Exoneration from or Limitation of Liability and to Lift Stay, docket no. 92, filed Dec. 28, 2018; Plaintiff Tara Gagliardi's Reply to Motion to Dismiss the United States' Complaint and Petition for Exoneration from or Limitation of Liability, docket no. 93, filed Dec. 31, 2018; Claimant Paul J. Theut's Reply in Support of Motion to Dismiss Complaint for Exoneration From or Limitation of Liability Pursuant to Supplemental Rule F Under FRCP Rules 12(b) or, in the Alternative, Rule 12(c), and Points Authorities in Support, docket no. 94, filed Dec. 31, 2018.

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] Docket no. 43; docket no. 46; and docket no. 50.

2

driven by Darland and the Grounding resulted in injuries to at least one passenger aboard the vessel. Claimants have alleged, in part, that the United States negligently failed to identify navigational hazards when patrolling Lake Powell, which contributed to the Grounding.

The United States filed a Limitation Complaint pursuant to the Limitation Act[7] and the Public Vessels Act[8] ("PVA"), which permits limitation of liability by the United States.[9] The NPS Vessels named in the Limitation Complaint are public vessels of the United States[10] and the Limitation Complaint asserts that these vessels performed various sovereign functions of the United States on Lake Powell.[11] The Limitation Complaint further claims that the functions and duties of the NPS Vessels included, among other things, the placement, inspection, and maintenance of Aids to Navigation (ATONs) on Lake Powell in the area of the Grounding by NPS Buoy Tender Vessel No. 450, as well as the inspection of these ATONS and patrolling of the relevant navigable waters by all of the NPS Vessels.[12]

Prior to the United States filing its Limitation Action, Claimants individually filed separate lawsuits against the United States seeking damages arising from the Grounding ("pre-

---

[7] Limitation of Liability Act ("Limitation Act"), 46 U.S.C. § 30505 et seq.

[8] Public Vessels Act ("PVA"), 46 U.S.C. § 31106 et seq.

[9] Complaint of the United States In a Cause for Exoneration From or Limitation of Liability ("Limitation Complaint"), docket no. 2, filed Sept. 26, 2018.

[10] See Taghadomi v. United States, 401 F.3d 1080, 1083 n.3 (9th Cir. 2006) ("A 'public vessel' is one owned or operated by the United States and used in a public capacity."); Petition of the United States and Mathiasen's Tanker Indus., Inc., 367 F.2d 505, 509 (3d Cir. 1966) ("[G]overnment ownership and use as directed by the government exclusively for a public purpose suffice without more to make a ship a public vessel.")

[11] The NPS Vessels named in the Limitation Complaint and by All In Boat Rentals in its Claim are as follows: NPS Buoy Tender Vessel No. 450, NPS Vessel No. 257, NPS Vessel No. 2510, NPS Vessel No. 256, NPS Vessel No. 2511, and NPS Vessel No. 290. Limitation Complaint ¶¶ 6, 13 at 2, 6, docket no. 2.

[12] Limitation Complaint ¶ 13 at 6, docket no. 2.

Limitation Complaints").[13] Claimants incorporated the pre-Limitation Complaints into their Claims in this case.[14] The pre-Limitation Complaints state that the United States maintains the waters of Lake Powell and was required to install ATONs in Lake Powell.[15] They further state that the United States negligently failed to use reasonable care when patrolling Lake Powell to identify, post, and inspect ATONs where the Grounding occurred. Claimants allege that these "wrongful acts and/or omissions . . . were a substantial factor in causing the [Grounding] and [Claimants'] injuries and damages."[16]

The Limitation Complaint recites the allegations made in the pre-Limitation Complaints by Claimants. The United States asserts that "these foregoing allegations, including those relating to ATONs, pertain to sovereign and discretionary functions performed by the NPS Vessels, including at various times the placement of ATONs in the area of the grounding by NPS Buoy Tender Vessel No. 450, and/or inspection thereof and/or patrolling of the relevant navigable waters in the State of Utah vis-à-vis ATONs and marked navigation channels by NPS

---

[13] *Tara Gagliardi v. United States of America*, District of Utah, Case No. 2:18-cv-00588-DN; *Jeffrey Darland v. United States of America*, District of Arizona, Case No. 2:18-cv-02313-JAT; and *D.D., a minor, and G.D., a minor, by and through their Guardian ad Litem, Paul Theut v. United States of America*, District of Arizona, Case No. 2:18-cv-02452-JZB.

[14] Defendant Jeffrey Darland's Answer and Claim to the United States' Complaint and Petition for Exoneration From or Limitation of Liability ("Darland Claim") ¶ 2, docket no. 44, filed Nov. 15, 2018; Claim and Answer to Complaint for Exoneration From or Limitation of Liability Pursuant to Supplemental Rule F ("Theut Claim") ¶¶ 9-67, docket no. 51, filed Nov. 16, 2018; Claim and Answer to Complaint for Exoneration From or Limitation of Liability Pursuant to Supplemental Rule F ("Gagliardi Claim") ¶ 24, docket no. 66, filed Nov. 16, 2018.

[15] Limitation Complaint ¶ 12 at 5-6, docket no. 2. *See also* Darland Claim, Ex. A, *Darland v. United States* Complaint ¶¶ 38, 48; Gagliardi Claim ¶¶ 5, 11, 45; Theut Claim ¶¶ 7, 47.

[16] Darland Claim, Ex. A, *Darland v. United States* Complaint ¶ 49; Gagliardi Claim ¶¶ 47, 48, 55, docket no. 66-1; and Theut Claim ¶ 46.

4

Buoy Tender Vessel No. 450, NPS Vessel No. 257, NPS Vessel No. 2510, NPS Vessel No. 256, NPS Vessel No. 2511, and NPS Vessel No. 290."[17]

Additionally, non-movant and Claimant All In Boat Rentals filed a Claim against the United States in this case that expressly alleges liability based upon actions of the NPS vessels.[18]

## STANDARD OF REVIEW

Dismissal under Fed. R. Civ. P. Rule 12(b)(6) is appropriate when the complaint is legally insufficient to state a claim for which relief may be granted.[19] "In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, and documents incorporated into the complaint by reference."[20]

A complaint is sufficient to survive a motion to dismiss if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."[21] A plaintiff must offer factual allegations to support each claim.[22] However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests."[23] This "notice pleading" standard "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."[24] And while a court must "accept as true all of the allegations contained in a complaint," this

---

[17] Limitation Complaint ¶ 13 at 6-7.

[18] Claim of All In Boat Rentals, Inc. ¶¶ 3, 8-9 at 2-3, docket no. 17, filed Oct. 9, 2018.

[19] *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[20] *Smith v. United States,* 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted). *See also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B WRIGHT & MILLER § 1357 (3d ed. 2004 & Supp. 2007)).

[21] Fed.R.Civ.P. 8(a)(2).

[22] *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[23] *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

[24] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

requirement is "inapplicable to legal conclusions."[25] Therefore, "in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable."[26]

The procedures governing a complaint brought under the Limitation Act are governed by Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.[27] "Under Rule F a ship owner seeking limitation must file a complaint 'set[ting] forth the facts on the basis of which the right to limit liability is asserted and all facts necessary to enable the court to determine the amount to which the owner's liability shall be limited.'"[28]

"'[T]he Federal Rules of Civil Procedure erect a powerful presumption against rejecting pleadings for failure to state a claim.'"[29] "Granting a motion to dismiss under rule 12(b)(6) 'is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'"[30]

## DISCUSSION

The Limitation Act allows a vessel owner to limit its liability to the value of the owner's interest in the vessel and its pending freight where an injury or loss occurs without the ship

---

[25] *Kansas Penn*, 656 F.3d at 1214 (quoting *Iqbal*, 556 U.S. at 677).

[26] *Kansas Penn.*, 656 F.3d at 1214.

[27] *In re Aramark Sports & Entm't Servs., LLC*, 831 F.3d 1264, 1272 (10th Cir. 2016).

[28] *Id.* (quoting Fed. R. Civ. P. Supp. Admiralty Rule F(2)).

[29] *Maez v. Mountain States Tel. and Tel., Inc.*, 54 F.3d 1488, 1496 (10th Cir. 1995).

[30] *L & B Development Co. Inc. v. Barnes Bancorporation*, 2013 WL 6858310, *1-2 (D. Utah 2013) (*quoting Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009)).

owner's privity or knowledge.[31] The Limitation Act broadly includes claims based on "any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred."[32]

Whether a vessel owner is entitled to limitation or exoneration under the Limitation Act involves a two-step analysis.[33] "First the court must determine what acts of negligence or conditions of unseaworthiness caused the accident."[34] "Second, the court must determine whether the shipowner had knowledge or privity of those same acts of negligence or conditions of unseaworthiness."[35]

**The United States has stated a plausible claim for exoneration or limitation under the Limitation Act**.

The Limitation Complaint provides fair notice of what the United States' claim is and the grounds upon which it rests.[36] "To plausibly allege a claim for exoneration from or limitation of liability under 46 U.S.C. § 30505, Petitioner must allege facts in support of the following elements: '(1) that he has been sued for some loss, damage or injury; (2) that the loss, damage or injury was without his privity or knowledge; and (3) that he wishes to claim the benefit of limitation of liability.'"[37] The Limitation Complaint states that the United States has been sued by Claimants with regard to the Grounding[38] and that the alleged negligent acts of the

---

[31] 46 U.S.C. Section 30505(a). *See In re Aramark Sports & Entm't Servs.*, LLC, 831 F.3d 1264, 1272 (10th Cir. 2016).

[32] 46 U.S.C. § 30505(b).

[33] *In re Aramark Sports & Entm't Servs., LLC*, 831 F.3d at 1273.

[34] *Id*.

[35] *Id*.

[36] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

[37] *In re Yanicky*, 2011 WL 5523600, *2 (W.D.N.Y. 2011) (quoting *Staub v. Henshaw,* 2006 WL 1650687 (W.D.N.Y. 2006) (citing *Colonial Sand & Stone Co. v. Muscelli,* 151 F.2d 884 (2d Cir.1945)).

[38] Limitation Complaint ¶ 12 at 4-6, docket no. 2.

United States involved the actions of NPS Vessels and their crews.[39] The Limitation Complaint further states that these alleged acts of negligence were without the privity and knowledge of the United States[40] and asserts the United States' right to limitation of liability.[41] The facts alleged in the Limitation Complaint are "sufficiently detailed to give fair notice to the opposing party" and "sufficiently plausible" to warrant discovery and subsequent adjudication on the merits.[42] Therefore, the Limitation Complaint satisfies the notice-pleading requirements for a Limitation Act action.

The parties dispute what acts of negligence or unseaworthiness caused the Grounding. Claimants argue that the United States cannot avail itself of the Limitation Act because the NPS vessels' negligence or unseaworthiness did not proximately cause the Grounding. However, the actions of the public vessels and their government crews and their role, if any, in the Grounding are disputed factual issues that go to the underlying merits of the case. Whether the United States will prevail in its claim for exoneration or limitation is unknown and beyond the scope of a Rule 12(b)(6) motion.[43]

The parties must conduct discovery before a determination of fault can be made, which will impact whether the United States is entitled to exoneration or limitation of liability. If undisputed facts develop a record that eliminates any claim for negligence of the crew, unfitness of the vessel, or other liability of the United States as a vessel owner, then the Limitation Act

---

[39] *Id.* ¶ 13 at 6-7.

[40] *Id.* ¶ 18 at 8-9.

[41] *Id.* ¶ 27 at 10.

[42] *Robbins* 519 F.3d, at 1248-48; *Iqbal,* 556 U.S. at 678; *Twombly,* 550 U.S. at 570. *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011).

[43] The court may not weigh evidence or resolve factual disputes on a Rule 12(b)(6) motion." *Miller v. Wulf,* 2012 WL 5718497 (D. Utah 2012) (citing *Sunrise Valley, LLC v. Kempthorne,* 528 F.3d 1251, 1254 (10th Cir. 2008)).

action may ultimately fail. But at this stage, the United States has plausibly alleged in its Limitation Complaint that the negligence claims encompass the actions of United States' public vessels and their crews on the waters of Lake Powell.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that the Claimants' Motions to Dismiss[44] are DENIED.

Dated April 15, 2019.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[44] Docket no. 43; docket no. 46; and docket no. 50.