IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In Re: the Complaint and Petition of the United States of America in a Cause for Exoneration from or Limitation of Liability with Respect to National Park Service and Public Vessels Buoy Tender No. 450, No. 257, No. 2510, No. 256, No. 2511, and No. 290 Re: the Grounding of a 21' Speedboat in or near Bullfrog Bay on Lake Powell, Utah, on July 24, 2016. | **MEMORANDUM DECISION AND ORDER GRANTING CLAIMANTS' MOTIONS FOR SUMMARY JUDGMENT**<br><br>Case No. 4:18-cv-00065-DN-PK<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul Kohler |

Plaintiff-in-Limitation All In Boat Rentals, Inc. ("All In") filed a Complaint in Cause For Exoneration From or Limitation of Liability ("Complaint") with respect to a grounding accident that occurred on July 24, 2016.[1] Claimants D.D. and G.D., minors, by and through their Guardian ad Litem Paul Theut ("Theut"); Tara Gagliardi; and Jeffrey Darland (collectively "Claimants") each filed a motion for summary judgment on All In's Complaint on the basis that it was untimely filed.[2] On February 22, 2019, a hearing was held on the Claimants' Motions for Summary Judgment.[3] As discussed below, Claimants' Motions for Summary Judgment are granted.

---

[1] Complaint, ECF 2, filed Oct. 15, 2018, *In re: All In Boat Rentals*, Case No. 4:18-cv-00068-DN. On October 18, 2018, All In filed an amended complaint. ECF 12. The All In limitation action was subsequently consolidated with the limitation action initiated by the United States (Case No. 4-18-cv-00065-DN). ECF 60, entered Dec. 21, 2018.

[2] Claimants' Motion for Summary Judgment and Petition for Exoneration From or Limitation of Liability ("Theut Motion for Summary Judgment", docket no. 102, filed Jan. 16, 2019; Tara Gagliardi's Motion for Summary Judgment Regarding Claims Raised in In re All In Boat Rentals' Limitation Petition ("Gagliardi Motion for Summary Judgment"), docket no. 105, filed Jan. 16, 2019; Jeffrey Darland's Motion for Summary Judgment Regarding Claims Raised in re All In Boat Rentals' Limitation Petition ("Darland Motion for Summary Judgment"), docket no. 110, filed Jan. 17, 2019 (collectively, "Claimants' Motions for Summary Judgment").

[3] Minute Entry for Proceedings Held Before Judge David Nuffer, docket no. 127, entered Feb. 22, 2019.

**Contents**

Standard of Review ........................................................................................................... 4
Discussion ....................................................................................................................... 4
      Claimants' September 26, 2016 Letter provided written notice of a claim subject to the
           Limitation Act ............................................................................................... 6
      All In was required to file its limitation action within 6 months of receiving the
           September 26, 2016 Letter. .......................................................................... 7
Order…. .......................................................................................................................... 8

## UNDISPUTED FACTS[4]

1. On July 24, 2016, Jeffrey Darland was operating a rented 2006 Cobalt 21' foot 10 Series 200 runabout ("Cobalt") in Bullfrog Bay, Utah when he and passengers D.D. and G.D., were involved in a grounding accident ("Grounding").[5]

2. The Grounding occurred at or near dusk when the Cobalt's outdrive hit a submerged unmarked rocky shoal ("Shoal") that was located near the main channel, and slightly over 1,000 feet off the eastern shore of Bull Frog Bay, adjacent to a land formation commonly known as Haystack Rock and through the Halls Crossing intersection.[6]

3. D.D. and G.D. were ejected from the Cobalt when it hit the Shoal.[7]

4. The momentum of the runabout carried it over D.D. and his arm was nearly severed, and ultimately amputated, and his leg was amputated by the Cobalt's propeller.[8]

5. G.D. was right next to his brother, D.D., and helped bring D.D. back to the Cobalt.[9]

---

[4] These facts were reviewed with and agreed upon by the parties at the February 22, 2019 hearing.

[5] Statement of Facts in Support of Claimants, D.D. and G.D., Motion for Summary Judgment and Petition for Exoneration from or Limitation of Liability ("Theut Statement of Facts") ¶ 1 at 2, docket no. 109, filed Jan. 17, 2019; All In Boat Rentals, Inc.'s Memorandum in Opposition to Motion for Summary Judgment ("All In Opposition") ¶ 1 at 4, docket no. 119, filed Feb. 6, 2019.

[6] Theut Statement of Facts ¶ 6 at 2; All In Opposition ¶ 6 at 4-5.

[7] Theut Statement of Facts ¶ 7 at 3; All In Opposition ¶ 7 at 5.

[8] Theut Statement of Facts ¶ 8 at 3; All In Opposition ¶ 8 at 5.

[9] Theut Statement of Facts ¶ 9 at 3; All In Opposition ¶ 9 at 5.

6. All In was the owner of the Cobalt at the time of the Grounding.[10]

7. The Cobalt's sales price was $24,260 on April 16, 2016.[11]

8. At the time of the Grounding, the Cobalt was valued at or below $24,000.[12]

9. The Cobalt was rented from All In by Jeffrey Darland.[13]

10. All In received the following letter dated September 26, 2016 ("September 26, 2016 Letter") from Claimants' counsel:

> Dear Sir/Madam:
>
> Aiken Schenk Hawkins & Ricciardi PC through Ty Taber and Banning LLP through Bill Banning have been retained to represent [D.D.] and the Darland family for injuries received in a boat incident of July 24, 2016.
>
> This letter is to put you on notice of our claims against All-In Boat Rentals Inc. and to request information concerning insurance policy coverages available to All-In. This is a very significant injury case. [D.D.] has lost his right arm at his elbow and right leg at his knee. The medical bills are in the hundreds of thousands of dollars.
>
> Let me know what needs to be done to open a claim, so that we can resolve expeditiously any medical payments or coverages that might be available to help the Darlands with their significant medical bills. In addition, we are looking at liability claims with respect to the rental of the boat.
>
> . . .
>
> Finally, none of your attorneys, risk management or employees should reach out and attempt to contact any of the Darland family members directly. They are still adjusting to the effects of this catastrophic tragedy. I look forward to hearing from your representative.[14]

---

[10] Theut Statement of Facts ¶ 2 at 2; All In Opposition ¶ 2 at 4.

[11] Theut Statement of Facts ¶ 3 at 2; All In Opposition ¶ 3 at 4.

[12] Theut Statement of Facts ¶ 4 at 2; All In Opposition ¶ 4 at 4.

[13] Theut Statement of Facts ¶ 10 at 3; All In Opposition ¶ 10 at 5.

[14] Theut Statement of Facts ¶ 11 at 3; *id.*, Ex. 3, September 26, 2016 Letter, docket no. 109-4; All In Opposition ¶ 11 at 6.

11. All In filed its Complaint in Limitation on October 15, 2018.[15]

**STANDARD OF REVIEW**

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[16] A factual dispute is genuine when "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[17] In determining whether there is a genuine dispute as to material fact, the court should "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant."[18]

The moving party "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."[19] This burden may be met by identifying portions of the record which show an absence of evidence to support an essential element of the opposing party's case.[20] The burden then shifts to the non-moving party to prove there are triable issues of fact.

**DISCUSSION**

Pursuant to the Limitation of Liability Act ("Limitation Act") 46 U.S.C. § 30501, *et seq.*, an owner of a vessel may "limit liability for damage or injury . . . to the value of the vessel or the owner's interest in the vessel."[21] A limitation action must be brought by the owner within six (6)

---

[15] Theut Statement of Facts ¶ 21 at 5; All In Opposition ¶ 21 at 9.

[16] Fed.R.Civ.P. 56(a).

[17] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[18] *Id.*

[19] *Id.* at 670-71.

[20] *Johnson v. City of Bountiful*, 996 F. Supp. 1100, 1102 (D. Utah 1998).

[21] *Lewis v. Lewis & Clark Marine, Inc.,* 531 U.S. 438, 446 (2001).

months of receiving "written notice of a claim."[22] The Limitation Act does not define what qualifies as "written notice of a claim" and the Tenth Circuit Court of Appeals has not addressed the nature and extent of the "written notice of a claim" required to trigger the 6 month statute of limitations. However, other Circuit courts have addressed this issue and provide guidance—such as the Fifth Circuit in *In re RLB Contracting, Inc.*,[23] the Second Circuit in *Doxsee Sea Clam Co. v. Brown*,[24] and the Seventh Circuit in *In re Complaint of McCarthy Bros. Co./Clark Bridge*.[25]

*In re RLB Contracting, Inc.* sets forth the modern maritime rule for what constitutes sufficient "written notice of a claim."

> [A] communication qualifies as "written notice" if it "reveals a 'reasonable possibility' that the claim will exceed the value of the vessel." This standard evokes two inquiries: (1) whether the writing communicates the reasonable possibility of a claim, and (2) whether it communicates the *reasonable possibility* of damages in excess of the vessel's value. . . . The purpose of the "reasonable possibility" standard is to place the burden of investigating potential claims on the vessel owner.[26]

Significantly, the "standard is reasonable *possibility*, not a reasonable *probability*. Although this standard 'is not toothless, it is also not particularly stringent.'"[27]

Following the Fifth Circuit, both the Second Circuit in *Doxsee* and the Seventh Circuit in *McCarthy* have held that the "written notice" requirement is satisfied if the writing reveals a "reasonable possibility" of a claim that is subject to limitation and exceeds the value of the

---

[22] 46 U.S.C.A. § 30511(a).

[23] *In re In the Matter of the Complaint of RLB Contracting, Inc.*, 773 F.3d 596 (5th Cir. 2014).

[24] *Doxsee Sea Clam Co. v. Brown,* 13 F.3d 550 (2nd Cir. 1994).

[25] *In re Complaint of McCarthy Bros. Co./Clark Bridge,* 83 F.3d 821 (7th Cir. 1996).

[26] 773 F.3d 596, 602.

[27] *Id*. at 603.

vessel.[28] Moreover, the Second Circuit in *Doxsee* held that communications required to impart notice of a claim under the Limitation of Liability Act do not require "exacting specificity in a notice of claim to a vessel owner."[29] Instead, "a broad and flexible standard of review" is employed—"reading letters of notice in their entirety and considering their 'whole tenor'—when determining if sufficient notice was given."[30]

## Claimants' September 26, 2016 Letter provided written notice of a claim subject to the Limitation Act

Claimants argue that the September 26, 2016 Letter informed All In of the "reasonable possibility" of a claim subject to limitation that would exceed the value of the Cobalt and that All In was required to file their Limitation action within 6 months of that letter—i.e., by March 26, 2016. All In contests that the Letter constitutes "notice of a claim" within the meaning of the Limitation Act because it (1) does not unequivocally state that a claim is being made against All In; (2) could be interpreted as only requesting no-fault medical pay coverage; and (3) is devoid of necessary details, such as references to the mechanism of the accident, how the accident occurred, vessel details, and other information that All In argues should be required to give a vessel owner fair notice of a claim subject to limitation. However, the cases relied upon by All In to support its position are all distinguishable.[31] In each case, the vessel owner was not warned of the potential damages or provided notice of any potential or actual claims against the vessel

---

[28] *Doxsee Sea Clam Co. v. Brown*, 13 F.3d at 554; *In re Complaint of McCarthy Bros. Co./Clark Bridge*, 83 F.3d at 829. Although issued after the hearing held in this matter, it is worth noting that the Eleventh Circuit joined the Fifth, Second, and Seventh Circuit in adopting the "reasonable possibility" test in *Orion Marine Construction, Inc. v. Caroll*, --F 3d. – (11th Cir. Mar. 20, 2019), 2019 WL 1270780.

[29] *Doxsee*, 13 F.3d at 554.

[30] *Id.; see also In re RLB Contracting, Inc.*, 773 F.3d at 605.

[31] For example, in *In re Complaint of Wepfer Marine, Inc*., the letter indicated that counsel had been retained to pursue a Longshoreman and Harbor's Worker's Act case, neither of which are subject to limitation. 344 F. Supp. 2d 1120 (W.D. Tenn. Nov. 9, 2004). Additionally, no information was provided that would have indicated the "existence of a claim which may exceed the value of a vessel it owned and that was subject to limitation." *Id*. at 1129.

owner.[32]

Here, the September 26, 2016 Letter satisfies the requirements of the "reasonable responsibility" standard. First, the Letter revealed a reasonable possibility that a claim subject to limitation will be made against the vessel or its owner. The Letter informed All In that counsel had been retained by the Darland family for significant injuries related to the Grounding and for "claims against All-In Boat Rentals Inc." Second, the Letter provided notice of a reasonable possibility that the Darland family's claim(s) will exceed the value of the vessel. All In purchased the Cobalt for $24,260. The Letter indicated that D.D. suffered physical injuries and stated that medical costs were already in the hundreds of thousands of dollars, which exceeds the value of the Cobalt.

### All In was required to file its limitation action within 6 months of receiving the September 26, 2016 Letter.

To obtain the protections of the Limitation Act, the vessel owner must file a limitation proceeding "within 6 months after a claimant gives the owner written notice of a claim."[33] Because the September 26, 2016, Letter qualifies as "written notice of a claim," All In had to initiate its limitation action by March 26, 2016. All In did not file its Complaint until October 15, 2018, well after the 6-month statute of limitations. Consequently, All In's Complaint and Amended Complaint were untimely filed and summary judgment is appropriate.

---

[32] *See e.g., In re Hollis B. Corp.*, 2016 WL 8732310, *1, 4 (D.V.I. Sept. 30, 2016) (finding that the letter did not describe injuries or damages that would have alerted the vessel owner of any potential claims against it exceeding the value of the vessel); *In re Down South Marine LLC*, 2012 A.M.C. 1021, 1024-1025, 2012 WL 711216 (E.D. La., Mar. 1, 2012) (finding that the letter did not provide any details on the incident, indicate fault on the part of the vessel owner, or demonstrate any level of damages that would have alerted the vessel owner of a claim that exceeded the value of the vessel).

[33] 46 U.S.C. § 30511(a); Fed. R. Civ. Supp. Rule F(1) ("Not later than six months after receipt of a claim in writing, any vessel owner may file a complaint in the district court ... for limitation of liability[.]").

# ORDER

IT IS HEREBY ORDERED that Claimants' Motions for Summary Judgment[34] are GRANTED. All In's Complaint and Amended Complaint[35] are dismissed with prejudice.

IT IS FURTHER ORDERED that the stay issued on October 18, 2018 for "[t]he continued prosecution of any suit, action, or proceeding" against All In for damages arising out of the Grounding Accident is lifted.[36]

Dated April 15, 2019.

BY THE COURT:

David Nuffer
United States District Judge

---

[34] Theut Motion for Summary Judgment, docket no. 102, filed Jan. 16, 2019; Gagliardi Motion for Summary Judgment, docket no. 105, filed Jan. 17, 2019; and Darland Motion for Summary Judgment, docket no. 110, filed Jan. 17, 2019.

[35] Complaint, ECF 2; Amended Complaint, ECF 3, Case No. 4:18-cv-00068-DN (which was consolidated with Case No. 4:18-cv-00065-DN).

[36] Order Directing Issuance of Notice and Restraining Suits ¶ 3, ECF 13, *In re: All In Boat Rentals*, Case No. 4:18-cv-00068-DN.