IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In Re: the Complaint and the Petition of the United States of America in a Cause for Exoneration from or Limitation of Liability with Respect to National Park Service and Public Vessels Buoy Tender No. 450, No. 257, No. 2510, No. 256, No. 2511 and No. 290 Re: The Grounding of a 21' Speedboat in or near Bullfrog Bay on Lake Powell, Utah, on July 24, 2016, | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO LIFT STAY**<br><br>Case No. 4:18-cv-00065-DN-PK<br><br>District Judge David Nuffer |

Claimant Tara Gagliardi ("Gagliardi") seeks to lift the limitations stay to allow her to file a motion to transfer venue in *Gagliardi v. United States*, 2:18-cv-00588-DN-PK (D. Utah) ("Negligence Case") to the United States District Court for the District of Arizona.[1] The United States opposes the Motion to Lift Stay.[2]

Because it is unnecessary to lift the limitation stay at this time, Gagliardi's Motion to Lift Stay[3] is DENIED.

## DISCUSSION

"Although a limitation-of-liability proceeding may fully dispose of a maritime claim against a ship owner, that is not always the case."[4] "[I]f the limitation court does not exonerate or limit the liability of the [ship owner], the [suitor's] claim can proceed in another court."[5] "And even if the vessel's owner succeeds in limiting liability, proceedings may then move to another

---

[1] Motion to Lift Stay for the Limited Purpose of Allowing a Motion to Transfer Venue ("Motion to Lift Stay"), docket no. 311, filed Aug. 18, 2020.

[2] United States' Opposition to Gagliardi Motion to Lift Limitations Stay, docket no. 319, filed Sept. 1, 2020.

[3] Docket no. 311, filed Aug. 18, 2020.

[4] *In re Aramark Sports & Entm't Servs., LLC*, 831 F.3d 1264, 1273 (10th Cir. 2016).

[5] *Id*. at 1273-1274.

venue as long as the owner's right to limitation is protected."[6] Thus, district courts "have discretion to stay or dismiss Limitation Act proceedings to allow a suitor to pursue [its] claims in [another] court."[7] It follows that district courts also have discretion to lift a limitations stay to allow proceedings to occur in other cases so long as those proceedings do not "threaten[] the owner's [exoneration and] limitation rights."[8]

Gagliardi is not seeking to lift the limitations stay on her Negligence Case so that she may actively pursue her claims against the United States.[9] Rather, she seeks to lift the stay to permit her to file a motion to transfer venue in the Negligence Case.[10] She characterizes the issue as a "simple matter of housekeeping."[11] But Gagliardi does not assert that time is of the essence or that these issues must be addressed before this limitations case is concluded. Nor is a need for exigence apparent in the record.

To the contrary, in January 2019, Gagliardi first sought in her Negligence Case to lift the limitations stay for the purpose of filing a motion to transfer venue.[12] Her motion was denied as being improper because the motion needed to be filed in this limitations case.[13] Then in May 2019, the United States in this limitations case raised the issue of lifting the stay for purposes of

---

[6] *Id*. at 1274.

[7] *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454 (2001).

[8] *In re Aramark Sports & Entm't Servs., LLC*, 831 F.3d at 1274.

[9] Reply to United States' Opposition to Motion to Lift Stay for the Limited Purpose of Allowing a Motion to Transfer Venue ("Reply") at 2, docket no. 326, filed Sept. 15, 2020.

[10] Motion to Lift Stay at 1.

[11] *Id*. at 4; Reply at 2.

[12] Motion to Lift Stay for the Limited Purpose of Transferring Venue, ECF no. 22 in Negligence Case, filed Jan. 11, 2019.

[13] Memorandum Decision and Order Denying Motion to Lift Stay for Limited Purpose 1-2, ECF no. 24 in Negligence Case, filed Jan. 17, 2019.

transferring venue of other cases.[14] Despite the limitations stay being lifted for that purpose,[15] and a May 27, 2019 deadline for the filing of "[a]ny motions to transfer" being set,[16] Gagliardi did not file her Motion to Lift Stay until August 18, 2020.

Gagliardi acknowledges that she will suffer no prejudice if the limitations stay is not lifted.[17] And it is unnecessary for the limitations stay to be lifted at this time where this limitations case is ongoing; Gagliardi is not seeking to actively pursue her claims in the Negligence Case; and there is no exigence to address the "housekeeping" matters for which Gagliardi requests the stay be lifted. Additionally, judicial economy favors the stay remaining in place until this limitations case is concluded in the event the United States is granted exoneration from or limitation of liability on Gagliardi's claims in her Negligence Case.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Gagliardi's Motion to Lift Stay[18] is DENIED.

Signed October 5, 2020.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[14] United States of America's and Jeffrey Darland's Joint Motion to Modify Stay for the Limited Purpose of Transferring Previously Filed Action from the District of Arizona to District of Utah, docket no. 158, filed May 2, 2019.

[15] Order Granting [158] Joint Motion to Modify Stay at 2, docket no. 159, filed May 6, 2019.

[16] *Id.*

[17] Reply at 3.

[18] Docket no. 311, filed Aug. 18, 2020.